LAGESEN, P. J.
*459 Claimant has filed a petition for reconsideration of our per curiam opinion on remand from the Supreme Court, Robles v. SAIF , 362 Or. 38, 403 P.3d 776 (2017), affirming the board's order with a citation to Brown v. SAIF , 361 Or. 241, 391 P.3d 773 (2017). Robles v. SAIF , 289 Or. App. 441, 407 P.3d 981 (2017). We allow reconsideration to review an assignment of error not controlled by Brown . We conclude that the board did not commit legal error and that its order is supported by substantial evidence, ORS 183.482(8)(a), (c). We therefore adhere to our prior decision to affirm the board's order.
Claimant injured his back at work, and SAIF accepted a lumbar strain. Claimant requested that SAIF modify its acceptance to include symptomatic unstable isthmic spondylolisthesis at L5-S1, radiculitis L5-S1, radiculopathy L5-S1, and a lumbar sprain. SAIF was deemed to have denied the additional conditions, and claimant requested a hearing. The parties then reached a settlement agreement providing:
"SAIF Corporation agrees to accept the following conditions: a combined condition between claimant's lumbar strain and his pre-existing spondylolisthesis at L5-S1 causing L5-S1 radiculopathy and L5-S1 radiculitis."
The settlement agreement was approved by an administrative law judge, and claimant's request for hearing was dismissed. SAIF issued a notice accepting "lumbar strain combined with pre-existing spondylolisthesis causing L5-S1 radiculopathy and L5-S1 radiculitis."
SAIF then issued a notice of closure of the claim, stating that "medical information indicates that presently your accepted injury is no longer the major contributing cause of your combined lumbar condition[.]" See ORS 656.262 (6)(c). Claimant did not dispute that the originally accepted lumbar strain had resolved and was no longer the major contributing cause of the combined condition. But claimant contended before the Workers' Compensation Board that, by stipulation, SAIF had also separately accepted conditions of radiculopathy and radiculitis, which had not resolved and *460 which therefore could not be denied. The board agreed with SAIF's contention that the radiculopathy and radiculitis had been accepted only as symptoms of a combined condition consisting of the lumbar strain and the preexisting spondylolisthesis, and that the resolution of that combined condition meant that the combined condition claim could be denied. The board cited SAIF's notice of acceptance in support of its finding that the "otherwise compensable injury" *697 component of the accepted combined condition was the lumbar strain and did not include separate conditions of radiculopathy and radiculitis, but did not separately discuss the parties' stipulated settlement. Having concluded that the medical evidence established that the combined condition of lumbar strain and preexisting spondylolisthesis had resolved, the board upheld SAIF's denial.
Claimant sought judicial review, assigning error to the board's conclusion that the "otherwise compensable injury" was the accepted lumbar strain, and also to the board's failure "to consider the accepted L5-S1 radiculopathy and L5-S1 radiculitis when it determined that the compensable injury was no longer the major contributing cause of the combined condition." In our original per curiam opinion citing Brown , we overlooked the fact that the second issue is not resolved by Brown . Claimant properly has called that oversight to our attention through his petition for reconsideration, and we allow reconsideration to address it.
We conclude that claimant has not demonstrated any error by the board. Claimant's primary argument, as we understand it, is that the board's determination regarding the scope of acceptance was erroneous because the board "incorrectly looked at the Notice of Acceptance instead of the settlement stipulation." Claimant argues further that the parties' settlement stipulation unambiguously demonstrates that SAIF accepted claimant's radiculopathy as part of claimant's accepted injury. We reject those arguments for two reasons.
First, to the extent claimant contends that the board erred when it did not separately analyze the parties' stipulated settlement in order to determine the scope of acceptance, that argument does not provide grounds for *461 reversal, because claimant's arguments below invited any error. In his briefing to the board, claimant relied on both the stipulation and the notice of acceptance, which do not differ materially in their wording. Claimant did not argue to the board that a focus on the stipulated settlement, as distinct from the notice of acceptance, was necessary to determine the scope of the acceptance or would require that the board engage in any different analysis than it did.
Second, to the extent claimant asserts that the board erroneously interpreted the words of the notice of acceptance (which, again, largely track the words of the stipulation), we disagree. The notice of acceptance-and the stipulation-are ambiguous. Neither party introduced evidence before the board that would assist it in resolving that ambiguity, leaving the board to make its determination regarding the scope of acceptance based on the words of the notice (and stipulation) alone. Given the syntax of both the stipulation and the notice of acceptance, the board's reading of them is the most plausible of the interpretations advanced by the parties. Under those circumstances, we are not persuaded that the board erred in the manner asserted by claimant.
Reconsideration allowed; former opinion modified and adhered to as modified.